## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | CASE NO. 06-35903-H4-11 |
| | § | |
| Debtor. | § | |

### APPLICATION TO EMPLOY PORTER & HEDGES, L.L.P.
### AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 328(A)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE,

Ben B. Floyd, chapter 11 trustee for the estate of Supplement Spot, LLC, (the "Trustee"), files this Application to Employ Porter & Hedges, L.L.P. ("P&H") as special litigation counsel pursuant to 11 U.S.C. § 328(a).

### I.
### APPLICATION TO EMPLOY

1.      The Trustee desires to employ P&H on a contingency fee basis to represent the Trustee in identifying, analyzing and prosecuting certain claims and causes of action owned by

the estate concerning transfers of property to third parties for the benefit of the debtor's insiders as well as claims related to the actions of the debtor's officers, directors and insiders.

2.      The employment of P&H is required at this time to pursue the estate's claims.

3.      P&H maintains offices at 1000 Main Street, 36th Floor, Houston, Texas 77002. P&H's main telephone number is (713) 226-6000.  P&H's fax number is (713) 228-1331.

4.      The Trustee has selected P&H because its members have extensive experience in matters relating to commercial litigation, bankruptcy transactions, and asset collection.  The Trustee believes that P&H can provide the estate with the required legal expertise to allow the Trustee to handle this litigation effectively and prudently.

5.      David R. Jones of P&H will be designated as attorney-in-charge and will be responsible for the representation of the Trustee by P&H as set forth in this Application.

6.      Mr. Jones is admitted to practice before all courts in the Southern District of Texas and has significant experience in handling litigation matters of this type. The Trustee has selected Mr. Jones because of his experience and specialization in insolvency law and commercial litigation.  The Trustee believes that Mr. Jones and P&H are well qualified to represent the Trustee.

7.      P&H will render professional services including, but not limited to:

(a)      Assisting the Trustee in analyzing claims owned by the estate;

(b)      Preparing and filing such pleadings as are necessary to pursue the estate's claims;

(c)      Conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

(d)      Representing the Trustee in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected;

(e)      Collecting any judgment that may be entered in the contemplated litigation;

      (f)      Handling any appeals that may result from the contemplated litigation; and

      (g)     Performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above.

## II.
### STATEMENT REGARDING CONNECTIONS TO THE CASE

8.     P&H has previously represented the Trustee in his capacity as a chapter 11 trustee in one other case. David Jones, the attorney that will be responsible for the representation of the Trustee by P&H, was a partner in the Trustee's law firm. Mr. Jones left the firm in 2004 to join P&H. Except as set forth above and in the attached affidavit, P&H has no other connection with the debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and are "disinterested persons" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as special counsel. *See* Attached Affidavit.

## III.
### COMPENSATION

9.     The Trustee has negotiated a sliding scale contingency arrangement of between 20% and 45%. A copy of the proposed agreement is attached as **Exhibit 1**. Specifically, the agreement provides for the following total compensation to be paid by the estate:

| Event | Percentage of Recovery |
| --- | --- |
| If the claim is settled prior to the filing of a complaint | 20% |
| If a complaint is filed | 25% |
| If the claim is settled within 60 days after the filing of a complaint | 30% |
| If a recovery is made more than 60 days after the filing of the complaint and no appeal | 40% |
| If there is an appeal | 45% |

10.    In reaching his decision, the Trustee has evaluated the estate's available resources, the complexity of the litigation, the anticipated costs and the associated risks of the litigation. The Trustee is concerned that the estate may not have sufficient resources to employ

counsel on an hourly fee basis. Even if sufficient resources are available, the Trustee has concluded that the existing resources should be preserved for creditors and non-litigation matters.

11.     The Trustee expects all of the litigation to be heavily contested. Under the circumstances, the Trustee believes that the terms of the proposed agreement are both reasonable and prudent. The estate incurs no additional administrative expense without a direct corresponding benefit.

12.     P&H has not received any funds from the debtor, the Trustee or any other party in this case.

13.     In the attached affidavit, P&H has identified the amount and source of compensation to be paid to P&H for services rendered in connection with its representation of the Trustee in this case.

14.     Accordingly, the Trustee requests that the Court approve the retention of P&H as special litigation counsel under 11 U.S.C. § 328(a) as set forth above and for such other relief as is just.

DATED: July 31, 2008.

Respectfully submitted,

By:_____

Ben B. Floyd, chapter 11 trustee
Munsch Hardt Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, Texas 77002
(713) 222-1470
(713) 222-1475 (fax)

CHAPTER 11 TRUSTEE

- and -

PORTER & HEDGES, L.L.P.

By: _____

David R. Jones
State Bar No. 00786001/S.D. Tex. 16082
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6653
(713) 226-6253 (fax)

SPECIAL LITIGATION COUNSEL TO THE
TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed, addressed to the parties set forth on the attached Service List on this 31st day of July 2008.

Lynn Kramer

PORTER & HEDGES L.L.P

ATTORNEYS AT LAW

David R. Jones
Partner
(713) 226-6653 Phone
(713) 226-6253 Fax
djones@porterhedges.com

RELIANT ENERGY PLAZA
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone (713) 226-6000
Telecopier (713) 228-1331
porterhedges.com

July 26, 2008

*By electronic transmission c/o Lynn Kramer*

Ben B. Floyd
Chapter 11 Trustee for Supplement Spot, LLC
Munsch Hardt Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, Texas 77002

> *Re:    Proposed Engagement Agreement; In re: Supplement Spot, LLC, Case No. 06-
> 35903-H4-11; In the United States Bankruptcy Court for the Southern District of
> Texas, Houston Division; Proposal by Porter & Hedges, L.L.P. regarding the
> prosecution of certain litigation claims owned by the estate under 11 U.S.C. §§
> 544, 547, 548, 549 and other applicable state and federal law (collectively, the
> "Litigation");*

Dear Ben:

Pursuant to my discussions with you and your general counsel, I am submitting this proposal under which Porter & Hedges, L.L.P. ("P&H") will undertake the analysis and pursuit of the estate's claims and causes of action on your behalf in the above case. Upon the execution of this letter agreement, I will prepare for your review and approval a motion to employ P&H as special litigation counsel under 11 U.S.C. § 328.

### Description of Engagement

P&H will undertake to identify and analyze all claims and causes of action owned by the estate arising under 11 U.S.C. §§ 544, 547, 548, 549 and other applicable state and federal law. Prior to any litigation being filed, P&H will provide you with a written analysis/draft complaint for each specific claim, a proposed course of action and a recommendation whether the claim should be pursued. It is expressly agreed and understood that no action will be taken without your express approval.

In the event that P&H believes that a specific claim should not be pursued or if P&H is not capable of pursuing such claim, P&H will still provide you with its analysis and other basis for its opinion. If you disagree with P&H's decision, it is expressly agreed that you may employ other counsel to pursue such claim and P&H will receive no compensation under this agreement from any recovery on such claim.

For each claim that you authorize the commencement of litigation, P&H will be responsible for drafting of documents, preparation of pleadings, attending court hearings and

1386605v1



EXHIBIT
/



Letter to Ben Floyd, Chapter 11 Trustee
July 26, 2008
Page 2 of 6

trials, participating in negotiations, performing legal research, and conducting conferences, and consultations as may be necessary to represent you with respect to such claim.

Although P&H will endeavor to obtain results satisfactory to you, we cannot guarantee that we will be successful. As part of this agreement, you acknowledge that (i) neither P&H nor any of its respective professionals have made any promises or guarantees regarding any outcome of the Litigation and you acknowledge that no guarantees or promises can be made regarding the outcome thereof; (ii) neither P&H nor any of its respective professionals have made any promises or guarantees regarding the length of time required to obtain the resolution of the Litigation; and (iii) either at the beginning or during the course of its representation, P&H may express its opinions or beliefs concerning the Litigation and the results that might be anticipated; but that any such statement(s) are intended to be an expression of opinion only, based on information available at the time, and must not be construed by you as a promise or guarantee, as no such promises or guarantees are possible.

To enable us effectively to perform the services contemplated, it is essential that you disclose fully and accurately all facts and keep us apprised of all developments relating to the Litigation. You have agreed to cooperate fully with us and to make yourself and your representatives available to attend meetings, conferences, hearings and other proceedings.

P&H's representation of you will be limited to the specific matters referenced herein and that P&H is undertaking, absent a specific engagement letter to the contrary, to represent you in other matters or in any general counsel capacity. You expressly represent that you have full and complete authority to enter into this agreement, subject to approval of the United States Bankruptcy Court for the Southern District of Texas.

### *Legal Fees*

In consideration of the legal services rendered and to be rendered by P&H, you hereby assign, grant and convey to P&H, as its compensation herein, a present undivided interest in the *"gross value of any settlement or recovery"* from or in connection with the Litigation as follows:

| | |
|---|---|
| If the claim is settled prior to the filing of a complaint | 20% |
| If a complaint is filed | 25% |
| If the claim is settled within 60 days after the filing of the complaint | 30% |
| If a recovery is made more than 60 days after the filing of the complaint and no appeal | 40% |
| If there is an appeal | 45% |

You acknowledge that the foregoing contingency fee is not set by law, but is negotiable, and has been negotiated between you and P&H.



Letter to Ben Floyd, Chapter 11 Trustee
July 26, 2008
Page 3 of 6

The term *"gross value of any settlement or recovery"* as used above means the amount of cash plus the fair market value of any other property (valued at the date received) recovered by or for you in connection with the Litigation, including actual and punitive damages, interest and attorneys' fees. If attorneys' fees are recovered by suit, settlement, or in any other manner, then said attorneys' fees are added to any recovery and the contingency fee shall be computed on such "gross recovery." The *"gross value of any settlement or recovery"* will be calculated before deduction of any applicable expenses of the lawsuit(s).

If a settlement includes future or periodic annuity payments, the contingency fee will be based on the cost of the entire settlement, if the cost can be determined after reasonable efforts. If the cost cannot be determined, the basis will be the present value of the settlement.

### Out-of-Pocket Expenses

In addition to the foregoing contingency fee, you shall pay P&H's reasonable expenses including, without limitation, charges for photocopying, courier services, document retrieval costs, printing, computer-assisted legal research, postage, long distance, telex, telecopier, deposition, filing fees, witness fees, subpoena fees, parking fees, tolls, travel expense (including mileage), and any fees for outside contract services. It is further understood and agreed between us that P&H shall have no responsibility to employ any expert. The cash reimbursement of expenses shall be paid solely out of any proceeds received from the Litigation. In addition and if appropriate, you will utilize your trustee ECF id for the filing of the complaints to avoid the incurrence of additional expense by the estate.

### Payment Arrangements

It is understood by and between us that fees for services rendered and reimbursements for disbursements and/or expenses are due and payable in full in Harris County, Texas.

### Settlements

Any settlement offer received by P&H will be immediately conveyed to you with our recommendation for acceptance or rejection. Any settlement offer received by you will be conveyed to P&H for notice purposes only.

**No settlement of any nature shall be made for the Litigation without the approval of you and the United States Bankruptcy Court.** You acknowledge that all communications from adverse parties or their counsel in connection with the Litigation are required to be directed to P&H, as counsel, pursuant to Texas Disciplinary Rule of Professional Conduct 4.02; and you agree to instruct all adverse parties and their counsel to communicate only through P&H, unless P&H agrees otherwise.

Letter to Ben Floyd, Chapter 11 Trustee
July 26, 2008
Page 4 of 6

### Conflict Matters

If a controversy arises between you and any other client of P&H, P&H, after taking into account the applicable rules of professional ethics, may decline to represent you or such other client or both you and such other client. Following the conclusion of our representation of our representation in this matter, P&H reserves the right to represent other future clients on unrelated matters which may be adverse to your interests.

### Withdrawal/Termination of Representation

Our representation may be terminated prior to the conclusion of the matter covered under this engagement letter by written notice to the other party. P&H reserves the right to withdraw from its representation if, among other things, you fail to honor the terms of this engagement letter or fail to cooperate or follow our advice on a material matter, or if any fact or circumstance would, in our view, render our continuing representation unlawful, unethical or ineffective. No such termination or withdrawal, however, will relieve you of the obligation to pay the legal fees owed for services performed and other charges owing to us as set forth in this Agreement.

### Work Files – Retention and Disposition

We will maintain all documents furnished to us in our files for this matter. At the conclusion of the matter covered under this engagement letter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, documents in our files you wish P&H to return. P&H may keep copies thereof for our records to the extent we believe advisable. P&H will retain any remaining documents in our files for a period of three (3) years following conclusion of our representation in the matter. THEREAFTER SUCH FILES MAY, AT OUR SOLE DISCRETION AND WITHOUT FURTHER NOTICE TO YOU, BE DESTROYED.

### E-Mail Communications

To the extent appropriate, P&H communicates with its respective clients (and others) by means of electronic mail. The use of e-mail has proved over time to be an effective and efficient means of exchanging both messages and documents. We are mindful of the concerns of some clients that e-mail transmissions could be compromised, and thus prohibit its use or prohibit its use in an unencrypted form. The use of encryption, however, though intended to be "seamless" in use, has caused difficulties in communicating with some parties. Thus, to avoid the possibility of disruptions in the flow of information, and prompted by the near-unanimity on the part of bar associations throughout the country as well as by the American Bar Association, in support of the preservation of attorney-client privileges in unencrypted e-mail communications, unless specifically instructed by you, we will assume your consent to the use of unencrypted e-mail as a means of communications.

Letter to Ben Floyd, Chapter 11 Trustee
July 26, 2008
Page 5 of 6

### *Approval of Terms of Engagement*

If the above and foregoing meets with your understanding, please so indicate by executing this Agreement in the place provided below for your signature.  A copy of this Agreement should be retained for your files.

### *Bankruptcy Court Approval*

**The parties acknowledge that the Bankruptcy Court must approve this agreement. Moreover, no compensation or expenses shall be paid without an order from the Bankruptcy Court.  P&H will promptly prepare and file the necessary pleadings to seek approval of this agreement.**

Very truly yours,

**Porter & Hedges, L.L.P.**

By: _____
David R. Jones

Accepted and Agreed this _28th_ day of July, 2008:

_____
Ben B. Floyd, chapter 11 trustee

REVIEWED:

_____
General counsel to the trustee

Letter to Ben Floyd, Chapter 11 Trustee
July 26, 2008
Page 6 of 6

---

### NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.

For more information, please call 1/800/932-1900.  This is a toll-free phone call.

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | CASE NO. 06-35903-H4-11 |
| | § | |
| Debtor. | § | |

### AFFIDAVIT OF PROPOSED COUNSEL
### PURSUANT TO 11 U.S.C. § 329(A) AND BANKRUPTCY RULES 2014, 2016(B)

Porter & Hedges, L.L.P. ("P&H"), proposed special litigation counsel for Ben B. Floyd, chapter 11 trustee for the estate of Supplement Spot, LLC, (the "Trustee"), states that to the best of its knowledge, P&H represents no interest adverse to the estate in the matters upon which this firm has been or is to be engaged; that P&H's employment has been and would be in the best interest of the estate; and that the attorneys in this firm are disinterested persons as defined under 11 U.S.C. § 101(14).

P&H has previously represented the Trustee in his capacity as a chapter 11 trustee in one other case. David Jones, the attorney that will be responsible for the representation of the Trustee by P&H, was a partner in the Trustee's law firm. Mr. Jones left the firm in 2004 to join P&H. P&H does not believe that any conflict exists which precludes its unbiased representation of the Trustee and the estate in this case in its proposed role as special counsel.

Except as set forth herein and to the best of its knowledge, P&H has no other connections with the debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee and is a "disinterested person" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as special counsel.

Legal representation undertaken by P&H includes (a) assisting the Trustee in analyzing claims owned by the estate; (b) preparing and filing such pleadings as are necessary to pursue the estate's claims; (c) conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation; (d) representing the Trustee in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected; (e) collecting any judgment that may be entered in the contemplated litigation; (f) handling any appeals that may result from the contemplated litigation; and (g) performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above.

P&H has agreed to the contingency fee arrangement as set forth in the application and **Exhibit 1** to the application. The agreement is the product of free and arms-length discussions. To date, P&H has not received any funds from the debtor, the estate or the Trustee in connection with the proposed representation in this case.

For any compensation received by P&H, P&H has not promised, either directly or indirectly to share any such compensation with any other persons nor does P&H have any agreement for payment of attorney's fees and expenses expect as stated herein.

DATED: July 30, 2008.

PORTER & HEDGES, L.L.P.

By: _____

David R. Jones
State Bar No. 00786001/S.D. Tex. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

THE STATE OF TEXAS        §
                          §
COUNTY OF HARRIS          §

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public in the State of Texas, County of Harris, on this the 30th day of July, 2008 by David R. Jones, to certify which, witness my hand and seal of office.

_____

Notary Public in and for
The State of T E X A S

JOSHUA WALTON WOLFSHOHL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 19, 2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                              §
                                    §
SUPPLEMENT SPOT, LLC                §           CASE NO. 06-35903-H4-11
                                    §           Chapter 11
        Debtor.                     §

## SERVICE LIST

Supplement Spot, LLC
1935 Cattle Drive
Magnolia, TX 77354-5074

Summers Optical
PO Box 380
Hatfield, PA 19440-0380

ASAP Freight Systems
11252 East Hardy St.
Houston, TX 77093-2368

US Trustee
Office of the US Trustee
515 Rusk Ave, Ste 3516
Houston, TX 11002-2604

Capsugel
A division of Pfizer
535 North Emerald Rd.
Greenwood, SC 29646-9669

Ben B. Floyd
Office of Trustee
700 Louisiana, Suite 4600
Houston. TX 11002-2845

Coppersmith, Inc.
525 South Douglas Street
El Segundo, CA 90245-4826

John Acord
1919 Callte Drive
Magnolia, Texas 11354

Euler Hones ACI
Agent of: Hawk Petroleum Inc.
800 Red Brook Blvd.
Owings Mills, MD 21117-5173

James P. Smith
James P. Smith & Associates, PC
16511 Hedgecroft, Suite 208
Houston, TX 11060-3622

Health & Lifestyle Network
2988 Blazing Star Dr.
Thousand Oaks, CA 91362-1155

Marcella Ortega
1919 Cattle Drive
Magnolia, Texas 11354-5014

James S. Jardine
Ray Quinney & Nebeker
36 South State St., 14th Floor
Salt Lake City, Utah 84111-1401

Nature's Life & Health Inc.
1121 Crandon Blvd, Ste B 1204
Key Biscayne, FL 33149-2194

Laubscher & Laubscher PC
1160 Spa Road, Suite 28
Annapolis MD 21403-1099

Pacificare
PO Box 201445
Dallas, TX 15320-1445

Maypro Industries
2100 Westchester Ave
Purchase, NY 10577-2547

Ryco Packaging
2100 Lunda Rd #100
Carrollton, TX 75006-6480

Golden Gate Business Group Inc.
921 Front Street, Suite 221
San Francisco, CA 94111-1426
Sigma Tau Health Science
Veteran's Memorial Hwy, Suite 110
Hauppauge, NY 11188

Young Again Products, Inc.
c/o Margaret M. McClure
909 Fannin, Suite 1580 Houston, TX 77010-1009

Patrick L. Hoskins PC
Attorney at Law
14015 Park Drive Suite 200
Tomball, TX 11311-6281

BMW Financial Services
Customer Service Center
PO Box 3608
Dublin Oh 43016-0306

Salinas International Freight Co.
1138 Envoy Ct., F.M.C. 4242
Dallas, TX 15241-5102

Capsugel
P.O. Box 640091
Pittsburgh, PA 15264-0091

Sitebrand
420 St. Joseph Blvd., Ste. 103
Gatineau, Quebec J8Y 3Y1
Canada

DNP International Co., Inc
3035 Red Hat Lane

Whittier, CA 90601-1551

Synergixx, LLC
433 Woodbury Glaesboro Rd.
Sewell, NJ 08080-4559

Hamida Pharma
25541 Arctic Ocean Dr.
Lake Forest, CA 92630-8827

Young Again Products, Inc.
Freeman & Freeman
One Church Street, Ste 200
Rockville, MD 20850-4119

Horton Insurance AJGRMS, Inc.
10900 Eebner Point Dr. Ste 305
Oklahoma City, OK 13120.5075

David W. Anderson
Rogers, Anderson & Bensey, PLLC
1415 N. Loop West, Suite 1020
Houston, Texas 11008-1664

Jones Waldo
129 Main St.
Salt Lake City, UT 84111

John L. Lynch
1431 Graham Dr, Suite 222
Tomball, TX 11315-6452

Natural Labs, A Partnership
2501 Gravel Dr.
Ft. Worth, TX 16118-6904

Rasi Laboratories
1300 Airport Road, Ste A
N. Brunswick, NJ 08902-1195

Rogers Anderson & Bensey PLLC
2200 North Loop West, Suite 310
Houston, TX 77018-1754

Sean Ortega
1935 Cattle Drive

Magnolia, TX 11354-5014

BMW Financial Services NA LLC
5550 Britton Pkwy
Billiard, Ohio 43026-7456

Suanfam
Paramus Plaza IV
12 Route 11 North, Suite 104
Paramus, NJ 01652-2644

Century Systems
P.O. Box 43125
120 Selig Drive
Atlanta, GA 30336-2026

Threshold Enterprises, Ltd.
23 Janis Way
Scotts Valley, CA 95066-3546

David Benzaquen
c/o Jeffrey Light 1112 Eye St., NW Suite
915
Washington, DC 20006-3702

Barbara Mincey Rogers
Rogers, Anderson & Bensey, PLLC
1415 North Loop West, Ste 1020
Houston, TX 11008-1664

Hawk Biopharma
1400 N. Harbor Blvd
Fullerton, CA 92835-4126

Katherine Lee Buckland
c/o Roger Lane Carrick 350 9. Grand Ave.,
Ste 2930
Los Angeles, CA 90071-3406

Interhealth Nutracueticals
5451 Industrial Way
Benicia, CA 94510-1010

Lewis Label Products
2300 Race Street
Fort Worth, TX 16111-1299