IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPPLEMENT SPOT, LLC | § | Case No. 06-35903-H4-11 |
| | § | |
| Debtor. | § | |
| BEN B. FLOYD, DISTRIBUTION TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 10-_____ |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., THE LAW OFFICE OF MARGARET MAXWELL MCCLURE, AND MARGARET MAXWELL MCCLURE, | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT, APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND REQUEST FOR PRELIMINARY INJUNCTION**

Ben B. Floyd, Distribution Trustee under the Chapter 11 Trustee's First Amended Plan of Reorganization for Supplement Spot, LLC (the "Trustee"), files this Complaint, Application for Temporary Restraining Order and Request for Preliminary Injunction against Young Again Products, Inc., the Law Office of Margaret Maxwell McClure and Margaret Maxwell McClure (the "Defendants").

**PARTIES AND JURISDICTION**

1.      The Trustee is the Court appointed Distribution Trustee under the Chapter 11 Trustee's First Amended Plan of Reorganization for Supplement Spot, LLC (the "Plan"). The Trustee may be served with pleadings and process in this adversary proceeding through the undersigned counsel.

2. Young Again Products, Inc. ("YAP") is a Maryland corporation that may be served with this complaint and a summons at its offices located at 310 N. Front Street, #150, Wilmington, North Carolina 28401. YAP has appeared in the main bankruptcy case through counsel and filed a proof of claim. A courtesy copy of the complaint and the summons will be served on YAP's counsel in this case, Margaret M. McClure, The Law Office of Margaret Maxwell McClure, 909 Fannin, Suite 3810, Houston, Texas 77010.

3. The Law Office of Margaret Maxwell McClure (the "McClure Firm") is counsel to YAP. The McClure Firm may be served with this complaint and a summons at its offices located at 909 Fannin, Suite 3810, Houston, Texas 77010.

4. Margaret Maxwell McClure ("McClure) is an individual attorney that is counsel to YAP in these bankruptcy proceedings. McClure may be served with this complaint and a summons process at her place of business located at 909 Fannin, Suite 3810, Houston, Texas 77010.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (b)(2)(C), (b)(2)(E) and (b)(2)(O).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 105, 541 and 542. Relief is sought pursuant to 11 U.S.C. §§ 105, 541, 542 and 543.

### BRIEF STATEMENT OF THE CASE

8. In August, 2009, the Defendants took possession of thousands of dollars worth of personal property in the possession of Marcella Ortega, John Acord, Sean Ortega and Kenneth Acord. The Defendants have stated that the property is being stored although the location and

the person in control of the storage facility are being kept from the Trustee. This Court has determined that the property in the Defendants' possession is property of the Debtor's bankruptcy estate and/or was acquired with proceeds of property fraudulently transferred from the Debtor's bankruptcy estate and imposed a constructive trust. Title to the property is vested in the Trustee. The Trustee seeks a temporary restraining order and preliminary injunction enjoining any disposition of the property. In addition, the Trustee seeks a full inventory and the turnover of all such assets under §§ 542 and 543 of the Bankruptcy Code.

### STATEMENT OF FACTS

9. On August 25, 2008, the Trustee filed his complaint against Marcella Ortega, John Acord, Sean Ortega and Kenneth Acord [Docket No. 1, Adv. No. 08-3302]. In his complaint, the Trustee sought the recovery of money damages against and the turnover of estate property from the Defendants pursuant to (i) 11 U.S.C. § 548 and TEX. BUS. & COM. CODE ANN. § 24.001; (ii) 11 U.S.C. § 547; (iii) 11 U.S.C. § 549; (iv) TEX. BUS. ORG. CODE ANN. § 153.210; (v) Texas law for conversion; and (vi) applicable law regarding breach of fiduciary duty. The Trustee also requested the imposition of a constructive trust.

10. On June 14, 2009, YAP initiated Civil Action No. 09-MC-0282 in the District Court for the Southern District of Texas (the "District Court Proceeding") for the purpose of registering a judgment obtained against John Acord and Marcella Ortega in the United States District Court for the District of Maryland. In August, 2009, the Defendants seized thousands of dollars worth of personal property in the possession of Marcella Ortega, John Acord, Sean Ortega and Kenneth Acord pursuant to a writ of execution [Docket No. 3 and 4, Civil Action No. 09-MC-0282] (the "Supplement Spot Assets"). A series of appeals have been taken to the Fifth Circuit from this proceeding. It is the Trustee's understanding that the property is being stored

in Houston pending appeal. The Trustee has requested the identity of the person in control of the property. An answer was promised but never forthcoming. The Trustee believes that McClure or her law firm is in control of the property.

11. On February 11, 2010, at the scheduled trial in Adversary No. 08-3302, the Trustee presented evidence in support of a $1,000,000.00 judgment against Marcella Ortega and John Acord and the ownership and source of the disputed property. In connection with his presentation of evidence, the Trustee proffered the testimony of the Trustee and Warren W. Cole and the Court admitted 43 exhibits. Counsel for the Defendants cross-examined both witnesses. At the conclusion of the hearing, the Court entered the judgment (the "Judgment") attached as **Trustee Exhibit 1**.

12. Paragraphs 2 and 5 of the Judgment provide as follows:

> 2. Marcella Ortega and John Acord stipulate and agree, and this Court specifically holds, that any and all personal property seized by Young Again Products, Inc. (the "Supplement Spot Assets") in connection with Civil Action No. 09-MC-0282, styled *Young Again Products, Inc. v. John Acord, et al.*, pending in the United States District Court for the Southern District of Texas, Houston Division (the "YAP Litigation") constitutes property of the Supplement Spot, LLC bankruptcy estate and/or was acquired with proceeds of property fraudulently transferred from the Supplement Spot, LLC bankruptcy estate.
>
> …
>
> 5. The Trustee is awarded a constructive trust against the Supplement Spot Assets and title to the Supplement Spot Assets is vested in the Trustee pursuant to FED. R. CIV. P. 70.

13. Based on the Judgment, the Supplement Spot Assets constitute property of the Debtor's estate under § 541 of the Bankruptcy Code.

### INJUNCTIVE RELIEF

14. The Trustee seeks a temporary restraining order and preliminary injunction barring any disposition of any property in the Defendants' possession or under their control in

connection with the District Court Proceeding. The Fifth Circuit utilizes the traditional four part standard for determining whether a bankruptcy court should issue an injunction:

(1) a substantial likelihood that the movant will prevail on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

(3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and

(4) that the granting of the injunction will not disserve the public interest.

*In re Zale Corp.,* 62 F.3d 746, 765 (5th Cir. 1995).

15. In the present case, the Trustee meets all four standards. First, the merits of this action are not subject to genuine dispute. This Court has already held that the Supplement Spot Assets constitute property of the Debtor's estate. The only other parties that could assert ownership have agreed that the Trustee is the true owner. As such, all property should be returned to the Trustee immediately. The Trustee is also entitled to a full inventory under oath of all assets seized by the Defendants in connection with the District Court Proceeding and the disposition, if any, of assets since the seizure. The Trustee is also entitled to conduct an inspection of the property. Under any scenario, the Trustee is entitled to have the property frozen pending a final disposition by this Court of the claims set forth in this complaint.

16. Second, there is a substantial threat that the Trustee will suffer irreparable injury. If the Supplement Spot Assets are disposed of and/or liquidated in connection with the District Court Proceeding for the purpose of satisfying YAP's judgment, the Trustee will have no effective remedy. In light of the amount of property at issue, injunctive relief is appropriate.

17. Third, the balancing of interests plainly favors the Trustee. The requested injunctive relief simply preserves the *status quo.* All parties' rights are adequately protected.

18. Finally, the public interest strongly favors the issuance of the injunction. The Trustee seeks only to enforce the estate's rights under applicable law. Any disposition of the Supplement Spot Assets in the District Court Proceeding will benefit YAP exclusively at the expense of the Debtor's other legitimate creditors. Public policy supports the return of the Supplement Spot Assets to the bankruptcy estate to be used for *pro rata* distributions to all creditors.

19. The Trustee requests that a temporary restraining order and preliminary injunction be issued which (i) enjoins any disposition of the Supplement Spot Assets; (ii) requires an immediate sworn inventory of all property seized in connection with the District Court Proceeding, including a detailed description of any disposition of such assets since the seizure; and (iii) allows the Trustee to conduct an inspection of the property.

### ESTABLISHMENT OF BOND

20. Pursuant to Fed. R. Bankr. P. 7065, the Trustee requests that no bond be required in connection with the issuance of the requested temporary restraining order.

### TURNOVER

21. The Trustee requests a judgment pursuant to 11 U.S.C. §§ 542 and 543 requiring the Defendants to immediately deliver to the Trustee all property seized in connection with the District Court Proceeding.

### PRAYER

22. Accordingly, the Trustee requests the following relief:

- A temporary restraining order and a preliminary injunction which enjoins the disposition by the Defendants of any property seized in connection with the District Court Proceeding.

- A sworn inventory of all property seized in connection with the District Court Proceeding, including any disposition of such property.

- A physical inspection of the property by the Trustee.

- The turnover of all property in the possession of the Defendants and/or their officers, partners or agents.

- Such other and further relief to which the Trustee may be entitled.

**Dated: March 8, 2010.**

Respectfully submitted,

**Porter & Hedges, LLP**

/s/ Joshua W. Wolfshohl
David R. Jones
State Bar No. 00786001/S.D. Tex. No. 16082
Joshua W. Wolfshohl
Texas State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6653 (direct line)
(713) 226-6253 (direct fax)
**Special Counsel for the Trustee**